DOWNEY BRAND LLP
ELIZABETH B. STALLARD (Bar No. 221445)
estallard@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

Attorneys for Defendant
AMERICAN BATTERY TECHNOLOGY COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. LUKRICH, a California resident,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ANDRÉS MEZA IN SUPPORT OF NOTICE OF REMOVAL OF ACTION**<br><br>Complaint Filed: August 22, 2022 |

I, Andrés Meza, declare as follows:

1. I am the Chief Operating Officer for American Battery Technology Company, Defendant in the above-entitled action. I have personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I could and would competently testify thereto.

2. I make this declaration in support of American Battery Technology Company's Notice of Removal. I have personal knowledge of the company's place of organization, as well as its business, employment, payroll practices, and its past and present personnel.

3. American Battery Technology Company is a corporation organized under the laws of the State of Nevada.

4. The company was served with the complaint in this action via its agent for service of process in Henderson, Nevada on October 6, 2022. A true and correct copy of the Proof of

Service is attached hereto as **Exhibit A**. A true and correct copy of all process, pleadings, and orders served on the company in this action are attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __31__ th day of October, 2022, in Reno, Nevada.

_____
ANDRÉS MEZA

DOWNEY BRAND LLP

# EXHIBIT A

EXHIBIT A

R. Fleming

| Attorney or Party without Attorney:<br>DANIEL J. MULLER (SBN 193396)<br>VENTURA HERSEY & MULLER, LLP<br>1506 HAMILTON AVENUE<br>SAN JOSE, CA 95125<br>   Telephone No: 408-512-3023<br>   Attorney For: Plaintiff | | Ref. No. or File No.:<br>Lukrich v. American Battery | | | For Court Use Only<br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 10/10/2022 9:45 AM<br>Reviewed By: R. Fleming<br>Case #22CV403566<br>Envelope: 10174311** |
|---|---|---|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA | | | | | |
| Plaintiff: JOHN C. LUKRICH, a California resident<br>Defendant: AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation | | | | | |
| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV403566 | |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CIVIL CASE COVER SHEET; COMPLAINT

3. a. Party served:   AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation
   b. Person served:  MICHAEL A. BARR, AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:*   2520 SAINT ROSE PARKWAY SUITE 319, HENDERSON, NV 89074

5. *I served the party:*
   b. **by substituted service.**   On: Thu, Oct 06 2022 at: 11:07 AM I left the documents listed in item 2 with or in the presence of: RoseAnne Rawlings, Legal Assistant. Caucasian , Female , Age: 50 , Hair: Brown , Height: 5'2" , Weight: 180 .

   (1) [X] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [X] (Declaration of Mailing) is attached.
   (5) [ ] (Declaration of Diligence) attached stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as occupant.
   d. [X] On behalf of (specify):   AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation
          under the following Code of Civil Procedure section:
          [X] 416.10 (corporation)                         [ ] 415.95 (business organization, form unknown)
          [ ] 416.20 (defunct corporation)                 [ ] 416.60 (minor)
          [ ] 416.30 (joint stock company/association)     [ ] 416.70 (ward or conservatee)
          [ ] 416.40 (association or partnership)          [ ] 416.90 (authorized person)
          [ ] 416.50 (public entity)                       [ ] 415.46 (occupant)
          [ ] other:



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE<br>SUMMONS** | 7744550<br>(9104548)<br>Page 1 of 2 |
|---|---|---|

| Attorney or Party without Attorney:<br>DANIEL J. MULLER (SBN 193396)<br>VENTURA HERSEY & MULLER, LLP<br>1506 HAMILTON AVENUE<br>SAN JOSE, CA 95125<br>  Telephone No: 408-512-3023<br>   Attorney For: Plaintiff | | | | Ref. No. or File No.:<br>Lukrich v. American Battery | For Court Use Only |
|---|---|---|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA | | | | | |
| Plaintiff: JOHN C. LUKRICH, a California resident<br>Defendant: AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation | | | | | |
| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV403566 | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Leidy Serna
   b. Address: **FIRST LEGAL**
      200 WEBSTER STREET, SUITE 201
      OAKLAND, CA 94607
   c. Telephone number: (415) 626-3111
   d. **The fee** for service was:
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☐ owner ☐ employee ☒ independent contractor
         (ii) Registration No: R-2021-00310, Clark
         (iii) County: Clark

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                                               10/07/2022                    _____
                                                 (Date)                            Leidy Serna



Judicial Council Form POS-010            PROOF OF SERVICE                              7744550
Rule 2.150.(a)&(b) Rev January 1, 2007        SUMMONS                                  (9104548)
                                                                                      Page 2 of 2

| Attorney or Party without Attorney:<br>DANIEL J. MULLER (SBN 193396)<br>VENTURA HERSEY & MULLER, LLP<br>1506 HAMILTON AVENUE<br>SAN JOSE, CA 95125<br>Telephone No: 408-512-3023<br>Attorney For: Plaintiff | | | | Ref. No. or File No.:<br>Lukrich v. American Battery | For Court Use Only |
|---|---|---|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA | | | | | |
| Plaintiff: JOHN C. LUKRICH, a California resident<br>Defendant: AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation | | | | | |
| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV403566 | |

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS; CIVIL CASE COVER SHEET; COMPLAINT

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:
   a. Date of Mailing: Thu, Oct 6, 2022
   b. Place of Mailing: SAN FRANCISCO, CA
   c. Addressed as follows: AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation
   MICHAEL A. BARR, AGENT FOR SERVICE OF PROCESS
   2520 SAINT ROSE PARKWAY, SUITE 319 HENDERSON, NV 89074

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Thu, Oct 6, 2022 in the ordinary course of business.

Recoverable cost Per CCP 1033.5(a)(4)(B)

5. **Person Serving:**
   a. Juan Cruz
   b. **FIRST LEGAL**
   200 WEBSTER STREET, SUITE 201
   OAKLAND, CA 94607
   c. (415) 626-3111

   d. **The Fee** for Service was:
   e. I am: Not a Registered California Process Server

6. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

10/07/2022
(Date)

Juan Cruz



Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
BY MAIL

7744550
(9104548)

# EXHIBIT B

# EXHIBIT B

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 22CV403566

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: Rudy, Christopher G    Department: 07

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 03/07/2023   Time: 2:15 PM   in Department: 07

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Daniel J. Muller, Esq. (SBN 193396) <br> Ventura Hersey & Muller LLP, 1506 Hamilton Avenue, San Jose, CA 95125 <br> TELEPHONE NO.: (408) 512-3022   FAX NO. (Optional): (408) 512-3023 <br> E-MAIL ADDRESS: dmuller@venturahersey.com <br> ATTORNEY FOR (Name): John C. Lukrich | FOR COURT USE ONLY <br><br> **Electronically Filed by Superior Court of CA, County of Santa Clara, on 8/22/2022 2:24 PM Reviewed By: R. Cachux Case #22CV403566 Envelope: 9772689** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA <br> STREET ADDRESS: 191 North First Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Jose, CA 95113 <br> BRANCH NAME: Civil Limited & Unlimited | |
| CASE NAME: Lukrich v. American Battery Technology Company | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV403566 |
|---|---|---|
| [x] Unlimited  [ ] Limited <br> (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 22, 2022

Daniel J. Muller    ▶ /s/ Daniel Muller
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                                          Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form |  | Save this form |                 | Clear this form |

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
8/22/2022 2:24 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV403566
Reviewed By: R. Cachux
Envelope: 9772689

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation, and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN C. LUKRICH, a California resident.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court

191 North First Street, San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):* 22CV403566

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Muller, Esq., Ventura Hersey & Muller LLP, 1506 Hamilton Avenue, San Jose, CA 95125, (408)512-3022

| DATE: August 22, 2022 *(Fecha)* 8/22/2022 2:24 PM | Clerk of Court | Clerk, by *(Secretario)* R. Cachux | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* American Battery Technology Company, a Nevada Corporation
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

E-FILED
8/22/2022 2:24 PM
Clerk of Court
Superior Court of CA.
County of Santa Clara
22CV403566
Reviewed By: R. Cachux

DANIEL J. MULLER, SBN 193396
dmuller@venturahersey.com
VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
San Jose, California 95120
Telephone: (408) 512-3022
Facsimile: (408) 512-3023

Attorneys for Plaintiff John C. Lukrich

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

22CV403566

| | |
|---|---|
| JOHN C. LUKRICH, a California resident. | Case No.: _____ |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | [Unlimited Civil Action – Amount in Controversy Exceeds $25,000] |
| AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada Corporation, and DOES 1 through 25, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff JOHN C. LUKRICH complains and hereby alleges the following against AMERICAN BATTERY TECHNOLOGY COMPANY ("America Battery") and Does 1-25 (collectively referred to herein as "Defendants"):

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff John C. Lukrich ("Mr. Lukrich") is a resident of Santa Clara County, California.

2. Defendant American Battery Technology Company is a company located in Reno, Nevada.

3. Mr. Lukrich is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Mr. Lukrich prays for leave to amend this complaint to allege the defendants' true names and capacities when the same have been ascertained.

4. Mr. Lukrich is informed and believes, and on that basis alleges, that each of the

-1-

ARBITRATION COMPLAINT

Defendants, including Does 1 through 25, inclusive, is the principal, agent, servant, employee, or alter ego of each of the other Defendants, and in doing the things hereafter mentioned, each Defendant was acting in the scope of its, his, or her authority as such agent, servant, and employee with the permission and consent of each of the other Defendants.

5. Mr. Lukrich hereby makes a demand for a jury trial.

## GENERAL ALLEGATIONS

6. Mr. Lukrich was employed by American Battery as its Chief of Staff from July 1, 2020 until June 30, 2022. Mr. Lukrich performed his job well and did every task that was assigned to him. On June 30, 2022, Ryan Melsert, American Battery's Chief Executive Officer, informed Mr. Lukrich that the Company had decided to terminate Mr. Lukrich's employment. The Company did not have cause to terminate Mr. Lukrich.

7. Mr. Lukrich's employment with American Battery was governed by an Offer Letter dated August 20, 2021 ("Offer Letter"). A true and correct copy of the Offer Letter is attached hereto as Exhibit A. Per the terms of the Offer Letter, Mr. Lukrich's Annual Base Salary was $225,000.00 per year. Mr. Lukrich was also entitled to earn an annual cash bonus, which provided him with a bonus opportunity of 105% of his Annual Base Salary. In addition, American Battery granted to Mr. Lukrich five million (5,000,000) Restricted Stock Units (RSU's) which were scheduled to vest over the four years from July 1, 2020 to July 1, 2024. Although Mr. Lukrich repeatedly demanded that American Battery provide him with the RSU award as promised, it failed to provide him with the actual award.

8. The Offer Letter provides that, in the event that Mr. Lukrich's employment were to be terminated without cause, American Battery would provide Mr. Lukrich with certain separation benefits. Specifically, it provided as follows:

> **6.5. Termination Without Cause or Resignation for Good Reason other than in connection with a Change of Control.** If your employment is terminated by the Company without Cause or if you resign for Good Reason, and such termination is not in connection with a change of control ("Change of Control"), and if Executive's employment is terminated by Company without Cause or by Executive for Good Reason within twelve (12) months following a Change of Control, then, you will not be required to mitigate the amount of any payment contemplated by this Agreement, nor will any earnings that you may receive from any other source

-2-

reduce any such payment. You will receive: (i) payment of an aggregate amount equal to your monthly Base Salary as is in effect on the Termination Date multiplied by 12 (less applicable tax withholdings), such amounts to be paid out monthly in substantially equal installments over the six month period following such termination in accordance with the Company's normal payroll policies; (ii) payment of the annual bonus accrued for the year prior to such termination (to the extent not already paid); (iii) payment of your annual bonus for the year of such termination, to the extent you would have received such bonus had you remained employed through the applicable payment date of such bonus, appropriately pro-rated based on the number of days that you were employed by the Company during the year of the termination, paid when the Company's other senior executive receive payment of their annual bonuses; (iv) full vesting with respect to your then outstanding, unvested equity awards that were awarded under the Company's Stock Incentive Plan; (v) extension of the exercise period for all of your then outstanding vested stock options (including those that vested pursuant to clause (iii) herein) to the first to occur of: the 6 month anniversary of the date of termination, the expiration date of the stock options, or such earlier time as provided under the applicable plan or grant agreement with respect to a Change of Control; and (vi) reimbursement for premiums paid for continued health benefits for you (and any eligible dependents) under the Company's health plans until the earlier of (x) twelve (12) months, payable when such premiums are due (provided you validly elect to continue coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") or similar state law or (y) the date upon which Executive and Executive's eligible dependents become covered under similar plans.

See Exh. A, Offer Letter, ¶ 6.5.

9. When it terminated Mr. Lukrich's employment, American Battery did not provide Mr. Lukrich with the benefits promised to him in Section 6.5 of the Offer Letter. Although it offered to pay Mr. Lukrich twelve months' salary in exchange for a release agreement, it failed to offer him his bonus, failed to provide him with accelerated equity as promised, and failed to offer to reimburse his health insurance expense.

10. On July 12, 2022, Mr. Lukrich wrote the following to Mr. Melsert: "I will not be executing your confidential mutual release and accepting your offered severance due to the fact it is not the entire severance package I am due under Section 6.2 'Involuntary Termination' and Section 6.5 'Termination Without Cause or Resignation for Good Reason other than in connection with a Change of Control' of my Employment Agreement dated August 20, 2021. Mr. Lukrich also told Mr. Melsert that "[i]f the Company were to provide [him] with the severance pay and benefits as provided for in the Employment Agreement, [he] would be ready and willing to sign an

-3-

**COMPLAINT FOR DAMAGES**

appropriate release. Mr. Lukrich closed by asking "whether the Company will provide the severance and benefits as called for in this Agreement" and requested that, "[i]f it will not" that it "please let [him] know its reasons." Neither Mr. Melsert nor anyone else at American Battery responded to Mr. Lukrich.

11. The Offer Letter contains a Choice of Law provision which provides as follows: "The validity, interpretation, and performance of this Offer Letter shall be governed, interpreted, and construed in accordance with the laws of the State of Nevada without giving effect to the principles of comity or conflicts of laws thereof." (Offer Letter ¶ 9.4.)

12. The Offer Letter also contains an jurisdiction clause, which provides as follows: "[y]ou hereby consent to personal jurisdiction and venue, for any action brought by the Company arising out of a breach or threatened breach of this Offer Letter or out of the relationship established by this Offer Letter, exclusively in the United Staes District Court for the District of Nevada, Reno Division, or in the Second Judicial District, Washoe County, Nevada; and, if applicable, the federal and state courts in any jurisdiction where you are employed or reside; you hereby agree that any action brought by you, alone or in combination with others, against the Company, whether arising out of this Offer Letter or otherwise, shall be brought exclusively in the United States District Court for the District of Nevada, Reno Division, or in the Second Judicial District, Washoe County, Nevada."

13. Mr. Lukrich lived in California during the entire time that he was employed by American Battery. In addition, Mr. Lukrich performed the vast majority of his work for American Battery in California. The Offer Letter was provided to Mr. Lukrich by American Battery. Mr. Lukrich was not individually represented by legal counsel in negotiating the terms of the purported agreement designating Nevada as the venue and forum for disputes or designating Nevada law as the law governing any such disputes.

### FIRST CAUSE OF ACTION
### Breach of Contract

14. Mr. Lukrich incorporates herein by specific reference, as though fully set forth, the allegations of paragraphs 1 through 13, inclusive, of this Complaint.

15. Mr. Lukrich agreed to work for American Battery with the understanding and agreement that American Battery would honor its obligations under the Offer Letter. Specifically, the Parties agreed that American Battery would pay severance to Mr. Lukrich per the terms of the Offer Letter if his employment were terminated without cause.

16. Mr. Lukrich performed all of his obligations necessary to receive the benefits of the Offer Letter as alleged herein. American Battery terminated his employment without cause as defined in the Offer Letter. Mr. Lukrich has demanded that American Battery honor the Employment Agreement and it has refused.

17. American Battery, therefore, has breached the Offer Letter in at least each of the following ways:

   a. Refusing to award Mr. Lukrich the RSU's promised to him in the Offer Letter;
   b. Refusing to pay Mr. Lukrich his Base Annual Salary in the amount of $225,000;
   c. Refusing to pay Mr. Lukrich his accrued annual bonus for the year prior to his termination;
   d. Refusing to pay Mr. Lukrich his annual bonus for the year of termination;
   e. Refusing to provide full vesting with respect to Mr. Lukrich's outstanding RSU's that were promised to him and should have been awarded per the terms of the Offer Letter;
   f. Refused to provide Mr. Lukrich with reimbursement for payment of health insurance premiums.

18. WHEREFORE, Mr. Lukrich prays for an award against American Battery as set forth below. Mr. Lukrich also seeks attorneys' fees incurred to collect unpaid wages pursuant to California Labor Code Section 218.5.

## SECOND CAUSE OF ACTION

### Failure To Timely Pay Wages

19. Mr. Lukrich hereby realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 18, inclusive, of this complaint, as though fully set forth herein.

**COMPLAINT FOR DAMAGES**

20. Labor Code Section 202 required American Battery to pay any wages owed to Mr. Lukrich upon the termination of his employment. Mr. Lukrich's employment with American Battery ended on June 30, 2022. American Battery failed to pay Mr. Lukrich's wages (e.g., the severance payments) upon the termination of his employment. American Battery, as alleged herein, has likewise subsequently failed to paid Mr. Lukrich's wages and has, therefore, failed to pay Mr. Lukrich's wages by the time set forth by law.

21. In instances where an employer violates Labor Code § 202, Labor Code § 203 provides that the unpaid wages of the employee continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

22. As alleged herein, American Battery has willfully failed to pay Mr. Lukrich all of the wages due and owing to him.

23. Consequently, pursuant to Labor Code § 203, American Battery owes Mr. Lukrich the above-described § 203 penalties, all in an amount to be shown according to proof at hearing.

24. Mr. Lukrich seeks all available remedies for American Battery's violations of the Labor Code including, but not limited to, any and all wages due, penalties, monies, interest, attorneys' fees, and costs to the extent permitted by law.

### THIRD CAUSE OF ACTION

### Violation of Labor Code Section 925

25. Mr. Lukrich hereby realleges and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 24, inclusive, of this complaint, as though fully set forth herein.

26. California Labor Code Section 925 provides as follows:

> (a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of California a claim arising in California. (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

(c) In addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees.

(d) For purposes of this section, adjudication includes litigation and arbitration.

(e) This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied.

(f) This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017.

27. Mr. Lukrich was required to accept the Offer Letter as a condition of his employment. The Offer Letter contains an unlawful forum, venue, and choice of law provision because it purports to required a Nevada forum and venue and Nevada choice of law despite the fact that Mr. Lukrich resided in California and primarily worked in California during the entirety of his employment with American Battery.

28. Mr. Lukrich requests that the Court void the venue, forum, and choice of law provision contained in the Offer Letter. Mr. Lukrich further requests that the Court award him reasonable attorneys' fees in connection with the enforcement of his rights pursuant to Labor Code Section 925.

## PRAYER

1. For general damages in an amount to be determined according to proof at trial;

2. For an order voiding the venue, forum, and choice of law clause contained in the Offer Letter;

3. For reasonable attorneys' fees pursuant to California Labor Code sections 218.5 and 925 and any other applicable provision of law, costs of suit, and interest to the extent permitted by law;

//

-7-

**COMPLAINT FOR DAMAGES**

4. For such other relief as the Court deems just and proper.

Dated: August 22, 2022

VENTURA HERSEY & MULLER, LLP

By: *[signature]*
DANIEL J. MULLER
Attorneys for Claimant John Lukrich